UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On October 6, 2023, the Court issued an opinion and order denying the application of defendant Ari Teman to defer his October 10, 2023 surrender date.  Dkt. 402.  Insofar as that application was based on Teman's pending *pro se* motions under Rule 33, the Court assessed the merits of those motions at length.  *See id.* at 4–16 (evaluating motions filed at Dkts. 386 and 388).  The Court found the prospects of success of the Rule 33 motions, which were fully briefed, "exceedingly low, so as to be, at best, asymptotic to zero." *Id.* at 5.  But, because the Rule 33 motions appeared likely to overlap in subject matter with the ineffective assistance of counsel claim that Teman had stated he intended to bring under 28 U.S.C. § 2255, the Court did not then definitively resolve the Rule 33 motions.  *See id.* at 4–5.

This order definitively resolves—and denies—Teman's Rule 33 motions.  The Court does so now, because, more than three-and-a-half months later, Teman has not filed a § 2255 motion. Definitively resolving the Rule 33 motions now affords the parties' closure on these motions.  It will also permit Teman, for whom counsel has recently appeared on the docket of this case, to appeal the Court's denial of these motions, should he deem it worthwhile to do so. *See* Dkt. 410 (notice of appearance of Edoardo Maffia, Esq.).

For avoidance of doubt, the Court denies the Rule 33 motions on the merits, for the reasons set forth in its opinion and order of October 6, 2023, *see* Dkt. 402, as amplified by the substantially coextensive merits analysis by the Government in its opposition to those motions, *see generally* Dkt. 399.  In denying the Rule 33 motions, the Court does not reach the separate argument raised by the Government, which the Court regards as substantial, as to whether the Rule 33 motions were untimely filed.  The motions were filed in September 2023, more than three years after the jury's January 2020 verdict.  *See* Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.").  Teman notes, however, than in 2022, he filed a *pro se* letter stating an intention to make a Rule 33 motion along substantially the same lines.  *See* Dkt. 400 at 2 (citing Dkt. 303).  In the event that the Court's denial of the Rule 33 motions on the merits were overturned, the Court would then take up the question of timeliness.

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 303, 386, and 388.  Although Teman is represented by counsel, the Court, out of an abundance of caution, directs the Clerk of Court to mail this order to Teman to ensure prompt receipt.  Teman is reminded that he has 14 days to appeal this decision.  *See* Fed. R. App. P. 4(b)(1)(A).  Failure to timely appeal will result in dismissal of the appeal.

The Clerk of Court is requested to mail a copy of this order to the defendant at the address below:

Ari Teman (No. 18244-104)
FCI Miami
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 779800
MIAMI, FL 33177

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 25, 2024
       New York, New York