UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ARI TEMAN,<br><br>                              Defendant. | 19 Cr. 696 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

The Court has received the Government's letter of April 2, 2024, Dkt. 436, responding to the Court's order of March 28, 2024, Dkt. 435. That order asked the Government to investigate *pro se* claims by defendant Ari Teman, conveyed by email through his parents, that the dietary offerings at FCI Miami had been changed so as to disserve Teman's medical needs and disrespect his observation of the forthcoming Passover holiday. The Government's letter—and its attachments, the filing of which under seal the Court agrees is proper—persuasively respond to the concerns raised. These materials demonstrate that Teman's stated concerns on each claim were not grounded in fact. *See, e.g.*, Dkt. 436 at 2 (noting that Teman's claim to require a gluten-free diet are inconsistent with his commissary purchase history; that Teman was long ago approved to participate in FCI's kosher religious diet; and that Teman in late January signed up for FCI Miami's Passover Menu, under which he is scheduled to receive 26 kosher-for-Passover meals) (citing Exs. B–C). The Court thanks the Government for its prompt response and the BOP personnel who assisted the Government in responding to the Court's order.

Earlier, on April 1, 2024, the Court received another *pro se* letter from Teman, again conveyed by email from his parents. Teman's letter again seeks his resentencing or immediate

release from FCI Miami to home confinement, based on his claim to be in great pain due to uncertain causes. It attaches new letters from two doctors who had treated Teman prior to the start of his prison term in October. The doctors express negative opinions about the adequacy of Teman's care at FCI Miami and/or during his examination at a private hospital in Miami, brought about by the Court at Teman's urgent request, on February 27, 2024. Teman's letter also attaches a letter from his parents.[1]

Teman's letter is effectively the fourth motion for his compassionate release that he, his counsel, or his parents have made in recent weeks. On January 24, 2024, the Court denied Teman's counseled motion for release, Dkt. 414; on March 22, 2024, the Court denied Teman's counseled motion for reconsideration, Dkt. 434; and on March 28, 2024, the Court denied a request for release made on Teman's behalf by his parents, Dkt. 435.

To the extent that Teman's April 1, 2024 letter again seeks early release, the Court denies that motion, substantially for the reasons stated in the three orders cited above.

To the extent that the letters from Teman's pre-incarceration physicians express concerns about the caliber and direction of Teman's present medical care, however, these merit prompt consideration by BOP medical personnel. In the interest of expedition, the Court directs the Government to furnish the letters to the BOP, in the expectation that BOP medical personnel will review these with alacrity and determine in their professional judgment whether any change(s) to Teman's medical care are warranted. The Court again asks the Government to report on this determination, by letter filed on the docket of this case, and thanks the Government in advance for attending to this matter.

---

[1] The Court attaches, to this order, Teman's letter and the letter from his parents, and is filing the letters from the two doctors under seal.

To the extent that the parents' letter goes beyond medical topics to address Teman's prosecution and trial, a brief response is in order. Renewing a claim earlier lodged by Teman, the letter states that this Court had a "conflict" due to having once mentored—and having attended a shiva at the home of—an attorney who briefly served after trial as an appellate counsel for Teman. Not knowing whether Teman's parents have followed legal rulings in this case, the Court notes that, in summarily affirming Teman's conviction, the Second Circuit rejected Teman's various claims of judicial and prosecutorial misconduct, including on the same grounds the letter raises here. *See* Dkt. 380 ("2d Cir. Op.") at 7–8 & n.3. And Teman has since apologized for his baseless attacks on the Court and others. *See* Dkt. 418, Ex. 4 (letter of February 7, 2024, in support of motion for reconsideration) ("The way I spoke and wrote to and about Your Honor, Mr. Gutwillig, some clients, and others, was inappropriate and inexcusable."). The parents' letter also states that the Court was "false" in stating, at sentencing, that Teman timed his offense conduct for the eve of Passover, knowing that his customers were observant. "As Ari's concerned parents, and as practicing Jews," the letter states, "Ari never said that" and "nor is any claim he said that on the record." In fact, as the Second Circuit noted, the evidence at trial reflected that "Teman had told one of his clients, 'I will . . . place a lien on your building on Pessach,' and [Teman's fraudulent] checks were, in fact, deposited on the eve of Passover." 2d Cir. Op. at 8.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: April 3, 2024
　　　　New York, New York

3

The Honorable Paul A. Engelmayer
District Judge
Southern District of New York

**EMERGENCY motion: Immediate release for URGENT medical care prescribed by Drs. Harrison and Seifan**

Your Honor,

As my counsel, who filed a limited appearance, is traveling now and unavailable for the coming days, and because I am in great pain now and need the MRI and medical treatment prescribed by Dr. Harrison and Dr. Seifan, I respectfully submit this motion for Your Honor to set aside your ruling denying reconsideration of Compassionate Release, as per Rule 60b and based on the attached letter of Dr. Jonathan Harrison MD, who wrote "to correct the major errors in your recent ruling", and on the attached letter of Dr. Alon Seifan MD and the reports of Dr. Brusovanik, which prove that I have a number of serious spinal conditions that are the likely cause of the excruciating pain in my testicles and body and the sleep deprivation which I have been suffering.

As Dr. Harrison points out, the BOP -- despite recommendation by Your Honor, Dr. Harrison, and Dr. Seifan -- has refused other diagnostics or to release me for treatment by specialists. The pain continues as does the risk outlined by the doctors.

I therefore request that you otherwise resentence me to home confinement for the remaining 45 days or compassionately release me, so that I can be treated as outlined by Dr. Harrison and Dr. Seifan in their attached letters and for the further reasons outlined by my parents' letter, attached.

Your Honor, I would not be pushing so hard for 45 days if I was not in excruciating pain, concerned about what might be the cause. Please allow me to be treated by my doctors, even if you require that I stay locked in 24 hours a day except for medical care for the next 45 days.

Respectfully,
Ari Teman

Attachments:
Letter of Dr. Jonathan Harrison
Letter of Dr. Alon Seifan
Medical reports of Dr. Brusovanik
Parents' letter

April 01, 2024

The Honorable Paul A. Engelmayer
District Judge
Southern District of New York

Your Honor,

We write to bring to Your Honor's attention material new information that we believe would have had an impact on your decision to release Ari on Compassionate Release.

With respect, Board-Certified Dr. Harrison, MD wrote yesterday in the attached that you were provided invalid medical information by FCI Miami and Larkin Hospital. Your ruling to deny the Motion to Reconsider was based on this invalid and, according to Dr. Harrison, incompetent medical information. You also raised, very poignantly, in your ruling (Dkt 402, p14) the observation that it is "telling" that Ari has not provided exonerating evidence of payment terms you would have expected if it had been available. The error in the medical information you received, Ari's long and documented suffering, along with the issue you recently raised about the failure to provide available, exculpatory evidence, combine to compel us to beseech of you a better-informed reconsideration and to grant Ari immediate release to medical care. It is also a matter that raises a conflict of Your Honor. These are discussed below.

Ari's testicular pain is, according to Dr. Harrison, very likely related to the documented disc degenerative disease, which is further document in the attached reports of Dr. Brusovanik and which has been reviewed by Dr. Seifan and Dr. Harrison. Dr. Harrison writes in the attached explicitly of "the incompetence and inability of FCI to care for Mr. Teman" and continues:

> "Thus, FCI Medical and the Larkin ER physician, performing a physical exam, routine blood studies, and a single testicular ultrasound as was done to evaluate Mr. Teman, and concluding that "pain reported disproportionate" raises medical concern that the evaluation has been incomplete to date. The Orchialgia should be further investigated in an attempt to determine the root cause, as, per Mr. Teman's report, symptoms persist. The patient has a history of degenerative disc disease of the spine, as has been documented in his medical records previously, and this may, or may not, be the etiology."

The volume of BOP medical reports, as they are demonstrably not competent, should not be the basis of denying his documented medical tests and reports of Board-Certified doctors. As Ari's parents, we hear the pain, sleeplessness, and suffering in Ari's voice and his reports. He has had real pain for months. FCI has reported falsely that he is not in pain, or with diversion to unrelated heart and lung tests. FCI has withdrawn from him basic comfort (an extra mattress pad, special insoles), committed religious infractions (demanding he turn on a light during the Sabbath and removing the fabric separation from his toilet that allows him to pray in the cell), and placed him at risk of life (removing him from the community dormitory where it can be seen if he has another fall or fainting, and putting him behind a door that is not checked for many hours in a cell without an emergency call button).

In short, Ari has been suffering in pain, increased by those cruel actions, and placed in danger where his calls for help would be unheard – all while FCI denies his illness through incompetence and despite the historical documentation available. Your Honor can credit the medical knowledge of Dr. Harrison, Dr. Seifan, Dr. Fleischmann, and Dr. Brusovanik, as well as the firmly documented clinic reports, and the many times Ari has attested to his pain to the infirmary and to many others, and please release Ari to immediate medical care that he needs.

As noted above, Your Honor has commented on the failure of Ari to present exculpatory evidence of payment terms. Ari was surprised to learn that Mr. Biale failed to submit that evidence that was available and that he expected Mr. Biale to submit. There is further an affidavit on the docket by Attorney Ronald Coleman, who witnessed an unfulfilled commitment by Mr. Biale to pursue available evidence. We understand that Ari intends to file a claim against Mr. Biale and Sher Tremonte for ineffective assistance of counsel in the forthcoming 2255.

Your Honor was knowledgeable of – and in fact disclosed -- the ongoing and previously undisclosed Curcio conflict of Mr. Biale and his marriage to SDNY prosecutor, Ms. Graham, and you acknowledged your long, close, and very personal involvement with them – to the point of being invited to a child's naming event for only close friends and family and to conducting numerous private mentoring sessions to Mr. Biale. As you may be a party or material witness to the matter of Noam Biale, it is apparent that therein lies a conflict – whether in favor of your close friend or in deference to appearing of such favor.

Your Honor has not only based your Compassionate Release ruling on faulty, incompetent medical information, and questioned the lack of evidence that your good friend was tasked to submit but Your Honor has also repeated several times a false claim about Ari, which you said at sentencing was, in your consideration, a basis for the material sentence imposed on him. You said that by Ari's own admission he timed the drafts for Passover Eve. As Ari's concerned parents, and as practicing Jews, please allow us to point out that, first, Ari never said that, nor is any claim he said that on the record other than your comment. Furthermore, in that year, the first two days of Passover were on the weekend. The banks were closed, like on most weekends of the year. The Friday before Passover and Monday through Thursday were working days. As Mr. Soleimani had messaged with Ari during the prior year's intermediate days of Passover, Ari knew those were working day for him, as it was for others. Many businesses make deposits on Friday without it being considered *mens rea* for a crime.

Thank you for your kind attention. We please ask you to release Ari to medical care now.

Thank you,

Suzan and David Teman