

## USA v Teman - 19-cr-696 --Conditions of supervised release

**Gutwillig, Jacob (USANYS)** <Jacob.Gutwillig@usdoj.gov>  Tue, Jun 25, 2024 at 12:39 PM
To: Eden Quainton <equainton@gmail.com>
Cc: Jimmy Wong <jimmy_wong@flsp.uscourts.gov>

To the extent any of those would result in a change to conditions of supervised release imposed by the Court at sentencing, I think a formal application to the Court would be necessary, but that is a question probably best addressed by Officer Wong.

---

**From:** Eden Quainton <equainton@gmail.com>
**Sent:** Tuesday, June 25, 2024 12:35 PM
**To:** Gutwillig, Jacob (USANYS) <JGutwillig@usa.doj.gov>
**Cc:** Jimmy Wong <jimmy_wong@flsp.uscourts.gov>
**Subject:** Re: [EXTERNAL] USA v Teman - 19-cr-696 --Conditions of supervised release

Jake,

Just to be clear. With respect to matters on which there is no issue, a formal application to the Court is still required?

Eden

On Tue, Jun 25, 2024, 12:32 PM Gutwillig, Jacob (USANYS) <Jacob.Gutwillig@usdoj.gov> wrote:

> Eden,
>
> I spoke with Officer Wong yesterday, who I am copying here as well.
>
> My understanding of Probation's positions, as well as mine, on your requests is set out below **in bold**.
>
> Thanks,
> Jake
>
> ***

1. Mr. Teman does not need to do drug testing. Mr. Teman has no history of drug use and this condition was already removed post-trial. **Probation does not object to removing this condition. The Government defers to Probation.**

2. Mr. Teman may travel domestically within the United States for comedy performances, volunteering, and work. He may travel to New York and New Jersey for medical, family, and religious reasons as well. Mr. Teman is due to sit for a two-day deposition in New York next week. While he must notify his probation officer of his travel plans, he should not need to seek approval for each trip, but should be required to notify his probation officer about the times and destinations of contemplated travel. **Probation does not object Teman's travel within the United States. Probation requires that Teman notify his Probation Officer, in writing, seven days prior to any such travel, and to provide the details of that travel, including the location, dates, and itinerary.**

3. Following 60 days of probation, Mr. Teman may travel to Israel to visit and assist in care for his mother who is unable to travel due to recent surgeries, for religious purposes, work, volunteering, and/or to perform standup comedy for periods of up to 40 days at a time. **Probation objects to Teman's request for blanket permission for international travel. For any international travel, Teman must provide notice to his Probation Officer, in writing, 14 days prior to such travel, and provide the details of that travel, including the location, dates, and itinerary. After obtaining Probation's position on the travel request, Teman must then make an application to the Court requesting permission for such travel. If any such international travel is permitted, Teman must contact his Probation Officer to check in on the days of his departure and return to the United States, and, consistent with the conditions currently in place, Teman must surrender his passport to his Probation Officer 48 hours after returning to the U.S.**

4. He may travel to any other international destination for any of the above reasons with 14 days notice to his probation officer. **See above.**

5. Mr. Teman may interact with individuals who have been convicted (and may still be incarcerated) for volunteering, work, and religious purposes. **Neither Probation nor the Government has an objection to Teman's contact with such individuals for volunteering and religious purposes. However, for any "work" purposes, before having any such contact, Teman must identify for the Probation Office the individual(s) he seeks to contact and the nature of the work purpose, and obtain Probation's position on any such contact.**

6. Mr. Teman may run JCorps volunteering and a Jewish Prison Book Project to fulfill his community service. The Prison Book project would involve providing books to incarcerated men and their children so that inmates could maintain a bond with their children that would also help the children escape the difficult circumstances in which many of them find themselves. **No objection from Probation or the Government.**

7. As Mr. Teman has paid off his restitution and assessment, he should be permitted to maintain a credit card for travel and car rental (which requires a credit card), and to pay for basic goods and services. In addition, he would request the ability to apply for a line of credit to cover such things as housing and overdraft protection. **Probation does not object to these requests, provided Teman provides (i) advance notice of any such applications, *i.e.*, for credit cards or lines of credit; and (ii) full information to the Probation Office about the use of any such credit cards, lines of credit, or bills, and any other relevant information requested by the Probation Office.**

I have spoken to Mr. Teman's probation officer, who has told me that he will defer to whatever the Court decides on each of the above points. Please let me know if the Government would be willing to stipulate to the above modifications of Mr. Teman's release conditions. Please let me know if you would like to discuss any of the foregoing.

---

**From:** Eden Quainton <equainton@gmail.com>
**Sent:** Tuesday, June 25, 2024 12:06 PM
**To:** Gutwillig, Jacob (USANYS) <JGutwillig@usa.doj.gov>
**Subject:** [EXTERNAL] USA v Teman - 19-cr-696 --Conditions of supervised release

Jake,

Can you please get back to me with respect to the proposed supervised release modifications?

Thank you,

Eden