UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court today held a conference for the purpose of arraigning defendant Ari Teman on the two specifications that the United States Probation Department has brought against him in its violation report dated June 12, 2025. The violations charged include a failure to abide by travel restrictions, in that Teman did not return to the United States by June 1, 2025, as the Court had directed in numerous orders. *See* Dkt. 560 (June 16, 2025 order, scheduling arraignment and citing prior orders).[1]

Despite ample notice of this conference, Teman did not appear. The Court accordingly adjourned the conference without arraigning Teman. The Court will arraign Teman at a future conference, to be scheduled following his apprehension or surrender.

In light of Teman's failure to appear for today's arraignment and his apparent failure to return to the United States by June 1, 2025, as directed, Teman qualifies as a fugitive under Second Circuit case law. *See United States v. Zedner*, 555 F.3d 68, 76 (2d Cir. 2008) (finding defendant a fugitive and applying fugitive-disentitlement doctrine to bar defendant's claims

[1] The United States Court of Appeals for the Second Circuit dismissed as frivolous Teman's *pro se* appeals of the Court's orders directing him to return. *See United States v. Teman*, No. 25-452-cr (2d Cir. June 3, 2025), Dkt. 38.1 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

where a condition of his supervised release was that he not leave the district without permission of the district court; he was given permission to leave the United States for no more than two weeks; and did not return by the deadline the court had set); *see also id.* ("[T]he fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim."); *Degen v. United States*, 517 U.S. 820, 823 (1996) (similar). The Court reminds Teman, *see* Dkts. 541, 560, that a defendant's fugitivity serves to toll the running of his supervised-release term. *See United States v. Barinas*, 865 F.3d 99, 109 (2d Cir. 2017); *United States v. Buchanan*, 638 F.3d 448, 455 (4th Cir. 2011); *United States v. Delamora*, 451 F.3d 977, 978 (9th Cir. 2006). However, during his fugitivity, Teman remains bound by his conditions of supervised release, and a violation of these can have serious consequences. As the Second Circuit has put the point:

> When a defendant absconds while on supervised release, his absence precludes the sentencing court from exercising supervision over him. Tolling is necessary in that instance to ensure that, upon being apprehended, the defendant will be subject to judicial supervision for a complete term. However, that does not mean that a defendant who has absconded thereby nullifies the terms and conditions of the supervised release order during his flight. Rather, the terms and conditions remain in effect, and the fugitive-defendant is not at liberty to embark on a "holiday" from them. To the extent that this result may seem harsh, it is the defendant's own misconduct which creates it.

*Barinas*, 865 F.3d at 109 (quoting *Buchanan*, 638 F.3d at 458). This rule derives from "the traditional principle that an absconder should not benefit from his fugitivity." *Id.*

Relatedly, Teman has recently filed separate actions, one under 42 U.S.C. § 1983 and the other under 28 U.S.C. § 2241, which challenge, *inter alia*, the condition of supervised release requiring his return to the United States. These actions have been transferred to this Court. *See Teman v. U.S. Probation Serv.*, 25 Civ. 4699 (PAE) (filed June 1, 2025 in S.D.N.Y.) (*pro se* action under § 1983); *Teman v. United States*, 25 Civ. 5424 (PAE) (filed June 4, 2025 in S.D. Fla.) (counseled action under § 2241). In a separate order to be issued shortly on the dockets of these

cases, the Court will address the implications for these matters of the fugitive-disentitlement doctrine. *See United States v. Morgan*, 254 F.3d 424, 426 (2d Cir. 2001) (doctrine gives courts "discretion to refuse to rule on the merits of a defendant's postconviction claims of trial error when the defendant has fled from justice"); *Bagwell v. Dretke*, 376 F.3d 408, 412 (5th Cir. 2004) (similar); *Lopez v. Malley*, 552 F.2d 682, 683 (10th Cir. 1977) (similar).

The Court again encourages Teman, in strong terms, to consult counsel with respect to his supervised release obligations and the consequences of non-compliance and fugitivity. Teman is presently represented by three separate retained counsel: in (1) his pending appeal to the Second Circuit of this Court's denial of his Rule 33 motion, (2) his recently resolved Section 2255 petition claiming ineffective assistance of trial counsel, and (3) his recently filed petition under Section 2241. The Court's assessment is that the guidance of seasoned counsel would assist Teman with respect to the pending supervised release violation charges and his fugitivity.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 7, 2025
New York, New York